The first section of the bankrupt law, (5 Statutes at Large,
440,) provides, that the persons therein mentioned, who shall by petition, setting forth, c. apply to the proper court, and therein declare, that they are unable to meet their debts, shall be deemed bankrupts, within the act, and may be so declared by decree, c. By this section, the presentation of the petition is an act of bankruptcy. By the seventh section, upon every such petition, notice is to be published in the manner therein stated, that all persons interested may appear, c. *Page 307 
In this case, the petition of Pomeroy was presented and filed on the 23d of January, 1843. The order of publication of notice was made on the same day and published as early as the 10th of February following. The note which is now attempted to be set off by the defendants, was not purchased conditionally, until the 13th of February; and the conditional agreement then made, was not ratified until the 17th of that month; the cash part of the consideration was not paid until the 24th, and the note of the manufacturing company was not sent to the holder of the note against the bankrupts, until the 3d of March, the day following the one upon which Pomeroy was declared a bankrupt by the decree of the district court. In Shawhan v. Wherritt, (7 How. 643,) it was held that the proceedings were in rem, or in the nature of proceedings in rem, to which all the creditors were parties. That "the public notice required "by the act having been given, the creditors must be treated "as having notice of the proceedings." Here, the negotiation with Cone, the holder of the note, did not commence until after the first publication of the notice. He must be deemed to have had notice according to the above decision; and the defendants, on the instant of their purchase, became creditors, and of course affected with constructive notice of all the proceedings. They cannot be deemedbona fide purchasers for value, without notice, and must, I think, be considered as having succeeded to the rights of Cone, as a creditor of the bankrupt, and to have acquired no other or different equities. It was also held in the case cited, that any payment or security, although not made by the bankrupt, but acquired through legal proceedings in the state courts, after notice of the act of bankruptcy, was a fraud upon the statute. To allow the set-off in this case, would be to permit a payment to be received, and preference thereby obtained, by these defendants, to the prejudice of other creditors, who are entitled to a pro rata dividend of the bankrupt's estate. The judgment of the supreme court should be affirmed. *Page 308