JOHN W. BEARDSLEY *vs.* MARQUIS L. HALL and JOHN W.
BEARDSLEY.

The admission by one partner of a partnership debt, after the dissolution of the partnership but before the statute of limitations has taken effect, is sufficient to remove the bar of the statute as to all the partners.

An admission that a payment previously made was intended as a part payment of a note claimed to be barred by the statute of limitations, may be proved for the purpose of removing the bar of the statute, although such admission was made between the hours of sunrise and sunset on Sunday.

Whether an acknowledgment of a debt barred by the statute of limitations made on Sunday would be sufficient to remove the bar: *Quære.*

The United States Bankrupt Act provides that no discharge obtained in bankruptcy shall be valid if the bankrupt has been guilty of any one of certain fraudulent acts specified, and provides for a special proceeding for setting aside the discharge. Held not necessary that the discharge should be set aside by such direct proceeding, but that it might be attacked collaterally in any suit in which the bankrupt should seek to avail himself of it as a defence.

ASSUMPSIT on a promissory note; brought to the Superior Court and tried to the jury before *Sanford, J.*

The note was dated March 4th, 1858, and was executed by the defendants, who were at that time partners, in their partnership name of Hall & Beardsley. The suit was brought February 6th, 1867. The defendants pleaded the general issue, with notice of the statute of limitations, and of a discharge of the defendant Beardsley under the United States bankrupt act.

Upon the trial the defendants offered in evidence a written agreement between themselves for the dissolution of the co-partnership, made on the 8th day of May, 1858, by which, among other things, the defendant Beardsley assumed and agreed to pay all the debts of the partnership upon good and valid consideration; to the admission of which paper in evidence, except for the sole purpose of proving the dissolution of the partnership and the time thereof, the plaintiff objected, on the ground that it was *res inter. alios acta,* and could in no way affect him. But the defendants claimed the right to introduce the whole of the paper in evidence, if any part of it was admissible for any purpose; and also claimed that it was

competent for them to show the assumption of the partnership debts and liabilities by the defendant Beardsley and the exoneration of the defendant Hall from the same, as provided in the agreement, for the purpose of maintaining that no admission, promise, acknowledgment or payment by one of the partners after the dissolution of the partnership could affect or bind the other or remove the bar of the statute of limitations as to him, the authority of the partners to bind each other in any manner being wholly taken away; but the court sustained the objection of the plaintiff, and excluded the paper, except as evidence of the dissolution of the partnership and the time thereof.

The material parts of the agreement were as follows:

"This agreement, made this 8th day of May, 1858, between Marquis L. Hall and Abijah Beardsley, constituting the firm of Hall & Beardsley, in the city of Bridgeport, witnesseth, that the copartnership heretofore existing between said parties is this day dissolved by mutual consent.

"It is also understood and agreed between said parties, that for the consideration of all the claim and interest which the said Beardsley has or ought to have in four mills now in the hands of other parties, viz: [describing them;] and also for the consideration that the said Beardsley does hereby agree to assume and does assume and take upon himself the responsibility of meeting and paying all of the notes, claims and demands that any parties may have upon the firm of Hall & Beardsley, or either of the partners in the firm in connection with the business, which said notes, claims and demands are known unto said Hall, and do not exceed fifteen hundred dollars; said Hall bargains, sells, and gives up unto said Beardsley all of his interest, right and title in and to all of the patents, materials, and fixtures, together with all the privileges thereunto belonging, which the said Hall & Beardsley bought of David Marsh, together with all of said Hall's interest in all of the stock and capital now in the shop of said Hall & Beardsley, and in all of the mills which are now out, excepting the four mills above described. And said Hall further agrees to endorse for said Beardsley to the amount

of $1500 for the removal of the above named debts, until the same shall be paid, and to assist as far as practicable for the prosperity of the business.   *   *   *   *   The said Hall also agrees that he will furnish the said Beardsley with a true and accurate account of all the debts above named, with the names of the parties owed, and the amount of each one's claim as far as possible, and the time when each one falls due. In witness whereof we have hereunto set our hands," &c.

The plaintiff claimed, and offered evidence to prove, sundry conversations had after the dissolution between himself and the defendant Hall, in which the latter admitted, or promised to pay, or sought to settle, the note in suit, in such a way as to remove the bar of the statute of limitations, and .claimed that the admissions were sufficient to remove the bar of the statute against both the defendants.   To all this evidence the defendant Beardsley objected, and claimed that it was inadmissible to bind or in any manner affect him, but the court overruled the objection and permitted the ·evidence to go to the jury as competent testimony to remove the bar of the statute as to both the defendants.

The plaintiff introduced sundry witnesses, and testified himself, to prove that on certain days both before and after the statute of limitations had run upon the note, the defendant Beardsley made sundry admissions and acknowledgements in regard to the note, and in particular acknowledged that a certain fifty dollars, which he had previously let the plaintiff have, (as the plaintiff claimed, before, and, as defendants claimed, after, the statute of limitations had run upon the note,) was to be applied upon the note in part payment of it. To this evidence the defendants objected, on the ground that the admissions, if ever made, were made upon Sunday, between the rising and setting of the sun, and therefore could not bind the defendants, or either of them, legally in any way. But the court overruled the objection, and permitted the evidence to go to the jury, as affecting both the defendants in the same way as if made upon any week day, upon the ground that such admissions, in reference to a past transaction,

tended to show the intention and purpose of the party making them, in respect to such transactions.

And the plaintiff testified himself, and offered other testimony, to prove sundry admissions made at various times in respect to the note by the defendant Beardsley, after the dissolution of the partnership, and after knowledge of the dissolution by the plaintiff, out of the presence and hearing of the defendant Hall, and claimed that these admissions were admissible to remove the bar of the statute of limitations as against Hall, as well as against Beardsley, and the defendant Hall objected to the admission of this evidence to affect him in any way. But the court overruled the objection and received the evidence, to affect the liability of Hall, in the same manner and to the same extent as the liability of Beardsley.

And the defendant Beardsley offered in evidence his certificate of discharge in bankruptcy under the bankrupt act of the United States, dated November 16th, 1868, in all respects duly and legally perfected, issued out of the District Court of the United States, in and for the District of Connecticut, and since the giving of the note in suit, and since the commencement of the present suit, and claimed that the discharge was a complete bar to all liability on his part upon the note, or upon the consideration thereof, but the plaintiff claimed that the discharge was obtained by him fraudulently, and that in contemplation of bankruptcy, after the commencement of the present suit, and a short time prior to preferring his petition in bankruptcy, the defendant Beardsley had, without any consideration whatever, and fraudulently, conveyed away certain real estate situated in this state, to his wife, through the intervention of a third person; and that he was at the time of the trial and ever since the conveyance was made had been, in possession of said real estate, and claimed to show these facts by the testimony of the defendant Beardsley himself, upon his cross-examination, but produced no deeds, or other documentary evidence of the transactions. This evidence was received by the court, and permitted to go to the jury, without any objection thereto on the part of the defendants, or either of them, until after the evidence in the

case had been closed and the arguments commenced. The counsel for the defendant Beardsley then claimed, and requested the court to charge the jury, that, if the facts on this point were as claimed by the plaintiff, yet as the petition had been subsequently brought in this state, where the plaintiff resided, and he had had full notice of the pendency of the same, and the discharge had been subsequently granted, and·was the judgment of a court of competent jurisdiction, and all the facts in question were directly involved and were passed upon by the District Court in adjudicating upon the petition and in granting the discharge, the discharge could not be collaterally attacked or impeached, and afforded complete protection to him against the note and indebtedness. But the court refused to charge the jury as thus requested, and did charge them on this point is follows : "If you are satisfied that the conveyance by the defendant Beardsley, of his property to his wife, was without consideration, and was made for the purpose of avoiding the payment of his debts, and evading the provisions of the bankrupt act, then his discharge can have no effect in this case. Any *fraudulent* gift, transfer or conveyance invalidates his discharge."

The jury rendered a verdict against both the defendants for the amount of the note and interest, and they moved for a new trial for error in the rulings and charge of the court.

*Sanford*, with whom was *Slade*, in support of the motion.

1. The admissions of either partner, made after the dissolution of the partnership, were inadmissible to remove the bar of the statute of limitations as against the other. ·3 Kent Comm., 56 ; Parsons on Part., 187 and note, 192 and note ; Story on Part., §§ 323, 324 and note ; *Bell* v. *Morrison*, 1 Peters, 351 ; 3 Parsons on Cont., (5th ed.) 70, 80, 84 ; *Hackley* v. *Patrick*, 3 Johns., 536 ; *Baker* v. *Stackpole*, 9 Cowen, 420 ; *Van Keuren* v. *Parmelee*, 2 Comst., 523 ; *Roosevelt* v. *Marks* 6 Johns. Ch., 269, 291 ; *Walden* v. *Sherburne*, 15 Johns., 409, 424 ; *Hathaway* v. *Haskell*, 9 Pick., 42.

2. If the admissions constitute a new contract they must of course be invalid, under the statute, if made on Sunday.

And equally so if they operate in any way to revive or give force to the old contract previously subsisting. If effective in any manner they must have been "business" within the meaning of that word as used in the statute and as defined by lexicographers, and of course if it was business it was "secular" within the meaning of the statute. 1 Swift System, 367; *Fox* v. *Abel,* 2 Conn., 541; *Carpenter* v. *Crane,* 1 Root, 98; *Mumford* v. *Buel,* id., 145; *Finn* v. *Donahue,* 35 Conn., 216.

3. The discharge is a judgment to which the plaintiff was a party, and therefore he cannot collaterally impeach it. 1 Greenl. Ev., (Redf. ed.) §§ 523, 528, 546; James on Bankruptcy, 135, 137; *Beach* v. *Miller,* 15 Louis. Ann. R., 601; 2 Am. Lead. Cas., 790; *Bush* v. *Sheldon,* 1 Day, 170; *Bostwick* v. *Lewis,* 2 id., 447; *Peck* v. *Woodbridge,* 3 id., 30. The bankrupt act provides a special method by which a creditor may invalidate a discharge obtained by fraud. James on Bankruptcy, 135.

*G. W. Warner,* with whom was *Loomis,* contra.

PARK, J. The question whether the admission by one partner of a partnership debt, after the dissolution of the partnership, but before the statute of limitations has run against the claim, may be sufficient to remove the bar of the statute of limitations as to all of the partners, has been so recently before this court and decided in the affirmative, that it is unnecessary to consider the question in this case, for it must be regarded as settled. *Bissell* v. *Adams,* 35 Conn., 299.

It is further claimed by the defendants that the court erred in charging the jury that the admission of the defendant Beardsley, made on the Sabbath day, between the rising and the setting of the sun, that the sum of fifty dollars that he had previously let the plaintiff have, was paid in part satisfaction of the note, was proper evidence to prove the fact of partial payment. If the payment had been made on the Sabbath day, perhaps the transaction would not have been sufficient to remove the bar of the statute, according to the

authority of the late case of *Finn* v. *Donahue*, 35 Conn., 216; and perhaps it may be questionable whether an acknowledgment or new promise made on the Lord's day would be sufficient for the purpose; although the Supreme Court of the state of Maryland, in the recent case of *Thomas* v. *Hunter*, in the 29th of Maryland Reports, held "that the code of public acts of that state did not prevent an acknowledgment or new promise made on Sunday from being used in evidence for the purpose of removing the bar of the statute of limitations." But however this may be, we are clearly of the opinion that the mere acknowledgement on the Lord's day that a sum of money that had been previously paid to the plaintiff was paid in part satisfaction of the note, was proper evidence to be received as tending to show that it was so paid. If the money had been so paid it was a transaction of past occurrence. The acknowledgment did not apply the money to the note; it merely furnished evidence that it had been applied. Neither did the admission itself tend to remove the bar of the statute. The bar had, in fact, been removed by the partial payment of the note, and the effort of the plaintiff was simply to prove it by the acknowledgment. We think the mere telling the truth upon the Sabbath day in relation to a matter like this, is not transacting secular business within the meaning of the statute.

The defendants further claim that the court erred in charging the jury, that if the defendant Beardsley obtained his certificate of discharge in bankruptcy by fraud, his discharge could have no effect in the case. The 29th section of the bankrupt act of the United States declares that no discharge shall be granted, or if granted shall be valid, if the bankrupt, among other things, has made any transfer of his property in contemplation of becoming a bankrupt, for the purpose of preventing the property from going into the hands of the assignee, or of being distributed under the act in satisfaction of his debts.

The question made in this part of the case is, whether the plaintiff, in a case like this, can show that the defendant made a conveyance of his property which the bankrupt act denomi-

nates a fraud, in order to invalidate the discharge offered in evidence by the defendants. The claim on the part of the defendants is, that the discharge can be rendered invalid only by a direct proceeding brought for the purpose, and cannot be attacked collaterally. But it should be remembered that the parties interested in the discharge were before the court, and the question was, not whether it was defective in some particular, but whether it was not wholly void, whether it ever had any validity whatever. The act declares such discharge void if the bankrupt had made a conveyance of his property with a view to bankruptcy. If he did, he never had a discharge in contemplation of the law.

Surely if a party attempts to interpose a void proceeding as a good and valid one, he must expect it to be called in question and the proceeding made to appear in its true character. If this discharge was void the defendant knew it. He was guilty of a fraud on the United States court in obtaining it, and committed another on the court below in offering it in evidence.

It does not follow because the act provides a mode whereby the discharge may be set aside, that its invalidity cannot be shown in any other way. The mode prescribed annuls the discharge, so that it cannot be pleaded afterwards, and that perhaps is the only mode by which it can be done; but in the case at bar the discharge is not affected beyond the present suit.

A new trial is not advised.

In this opinion the other judges concurred.