## OATES, Adm'r, *vs.* PARISH et al.

[ ACTION ON BILL OF EXCHANGE. ]

1. *Bankrupt, discharge of, contest on ground of fraud in obtaining; in what court only can be contested.*—The bankrupt act of March 2, 1867 vests exclusively in the federal courts the power to contest the validity of a bankrupt's discharge, on the ground that it was fraudulently obtained. This can not be done, in the first instance, in the State courts.

2. *Bankruptcy, plea of; when State courts bound to allow.*—Upon plea of bankruptcy pleaded as required by the provisions of the bankrupt act, in a State court, that court is bound to allow the plea, if the bankrupt offers in evidence of its truth his certificate of discharge, authenticated as required by law. On such an issue, the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge, if it has not been set aside and annulled by a direct proceeding in a proper federal court.

APPEAL from Circuit Court of Henry.

Tried before Hon. J. McCALEB WILEY.

This was an action on a bill of exchange, brought by appellant against the appellees. The case was tried in the court below on agreed state of facts and pleading, the substance of which is as follows: Appellees pleaded in due form their plea of bankruptcy, and duly set out their discharges in bankruptcy in bar of the plaintiff's right of action. It was admitted that the certificates of discharge were legally plead and set out as required by the bankrupt act of 1867 and the rules of pleading in Alabama, and that the discharges, if valid, are a bar to plaintiff's right of action. It was also agreed and admitted that plaintiff had filed his replication in due and legal form to said plea of bankruptcy and the discharges therein, said replication showing a state of facts which invalidate a discharge under section 29 of the bankrupt law of 1867. To this replication appellees demurred. The court sustained the demurrer, and taxed appellant with the costs, &c.; hence this appeal.

SEALS & WOOD, for appellant.—Section 29 of the bankrupt law of 1867 makes the discharge of a bankrupt invalid, if the bankrupt has been guilty of any of the acts in said section denounced. Sect'on 34 of the bankrupt law provides a mode by which a discharge may be set aside as to all the world. It is claimed by the appellees that the way provided for attacking a discharge, as found in section 34, is the only remedy of a creditor to avoid a discharge. This can not be the law, and has been so decided.—See *Perkins v. Gay,* Bankrupt Register, June 15, 1870; *Noble & Bro. v. Whetstone,* present term, under the bankrupt law of 1867, and *Pearsall v. McCartney,* 28 Ala. 110, under the old bankrupt laws.

It is a rule without exception, that fraud vitiates everything. The construction of the bankrupt law contended for by the appellees' counsel would violate this plain rule of law.

J. L. PUGH, *contra.*—Under the constitution of the United States, the power of affording relief to the debtor class by bankrupt laws is vested alone in congress, and if the debtor's discharge under such laws is open to attack for fraud, *in all courts,* the benefits intended to be given by such legislation amount to nothing; in fact, it holds out the promise of relief, while it subjects him to the perpetual danger of the most ruinous, and costly, and disgraceful litigation. It is no answer to say that fraud does and should vitiate everything, and that the most solemn decrees and judgments of the highest courts are not exempt from its contaminating influence; and that those who commit it ought never to get out of the reach of punishment. The plainest and most adequate remedies are provided by the bankrupt act itself to prevent the discharge before it is granted, and after it is granted to set aside and annul it, for fraud. Every act of fraud denounced by the bankrupt act as sufficient to prevent or vacate a discharge, is easily discovered by ordinary diligence. One year is given by the law to prevent, and two years more to vacate the discharge, for fraud. All criminal punishment of fraud has a

statutory limitation, and why should a debtor be compelled to live and die under the dread of being assailed for some of the acts that would render his discharge void? When his witnesses who prove his innocence are dead or gone to parts unknown, or the evidence of the *bona fides* of his discharge is lost or destroyed, or the debtor himself dies, and his living representatives are ignorant of the means of defense, the creditor runs out his execution or commences his action, and the protection of the bankrupt certificate is destroyed by proof of facts that can not be rebutted or explained. A man may be never so free from fraud, and yet he is always in danger of ruinous and disgraceful litigation by one, or a combination of creditors. Three years are allowed to reach the guilty, but for the safety of the innocent the certificate imports absolute verity and fairness after that time.

An examination of the bankrupt acts of 1800, 1841, and 1867, and a comparison of the sections of the several acts defining the effect of the certificate, and the grounds upon which it may be attacked, and the mode of attack, and the forum where attacked, can not fail to satisfy the court that the judgment must be affirmed.

The case of *Corey v. Ripley*, 57 Maine, 69, settles the question.

PETERS, J.—There is but one question presented by the record in this case, and but one that has been argued by the learned counsel in their briefs submitted to the court. That question is this: Can the validity of the discharge of a bankrupt be assailed for fraud in a State court, without first contesting its validity in the federal court in which the certifiicate of discharge had been granted? This important question depends, for its solution, upon the construction of the act of congress authorizing the discharge. The law is entitled, "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867, and went into operation on the first day of June of the same year.—U. S. Stat. at Large, 1866–7, p. 517, ch. 176, §§ 1, 50; *Martin v. Berry*, 37 Cal. Under this act,

the federal courts alone have the exclusive jurisdiction of all matters and proceedings in bankruptcy.—*Van Nostrand v. Carr*, 30 Md. This prescribes the parties, the mode of proceeding, and the form and effect of the discharge. It also fixes the grounds upon which the certificate shall be denied, and the grounds upon which the discharge shall be set aside and annulled, after it has been granted; prescribes the court in which the validity of the discharge shall be contested, the practice to be observed in the contest, and limits the time within which the contest shall be made.—Act of Cong. *supra*, §§ 1, 29, 32, 34. This carries to the federal courts the final jurisdiction of all questions arising upon the validity of the discharge, with the same exclusive power that it does the authority to grant the discharge in the first instance. This would be useless, unless the jurisdiction is exclusive and final. There can be no doubt that the congress has this power to confine this contest to the federal courts. The power over bankruptcies is plenary and unlimited in the general government. It is given in these words: " The congress shall have power " "to establish uniform laws on the subject of bankruptcies throughout the United States."—Const. U. S. Art. I, § 8, cl. 4. The law to contest the discharge for fraud is found in the 34th section of the above quoted act. It is this: " Sec. 34. *And be it further enacted*, That a discharge duly granted under this act shall, with the exceptions aforesaid, release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy, and may be pleaded by a simple averment that, on the day of its date, such discharge was granted to him, setting the same forth in *hæc verba*, as a full and complete bar to all suits brought on any such debts, claims, liabilities, or demands, and the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge; *Always provided*, That any creditor or creditors of such bankrupt, whose debt was proved or provable against the estate in bankruptcy, who shall see fit to contest the validity of such discharge on the ground that it was fraudulently ob-

tained, may at any time within two years after the date thereof, apply to the court which granted it, to set aside and annul the same. Said application shall be in writing, shall specify which in particular of the several acts mentioned in section twenty-nine it is intended to give evidence of against the bankrupt, setting forth the grounds of avoidance, and no evidence shall be admitted as to any other of said acts; but said application shall be subject to amendment at the discretion of the court. The court shall cause reasonable notice of said application to be given to said bankrupt, and to order him to appear and answer the same within such time as to the court shall seem fit and proper. If, upon the hearing of said parties, the court shall find that the fraudulent acts, or any of them, are proved, and that said creditor or creditors had no knowledge of the same until after the granting of said discharge, judgment shall be given in favor of such creditor or creditors, and the discharge of said bankrupt shall be set aside and annulled. But, if said court shall find that said fraudulent acts, and all of them set forth as aforesaid, are not proved,. or that they were known to said creditor or creditors before the granting of said discharge, then judgment shall be rendered in favor of the bankrupt; and the validity of his discharge shall not be affected by said proceedings."—Act of Cong. *supra*, § 34. This section is the law as to the effect of the discharge, the evidence of it, and the mode of pleading it, and of the grounds, the forum, and the manner of its contest, and the effect of the decision on the contest. There can be no doubt that the discharge is final and conclusive, unless it is contested in the time and the manner prescribed. This is the express language of the law. Where the proceeding is statutory, and the thing to be done, and the mode in which it shall be done, are prescribed, the mode is imperative and exclusive.—Smith. Constr., 1st ed. p. 654, § 508. The power to set aside and annul the discharge being vested by law in the federal courts, it can not be exercised by the State courts, because the jurisdiction is exclusive.—*Slocum v. Mayberry*, 2 Whea. 1; *Gelston v. Hoyt*, 3 Whea. 246; Const. U. S. Art. III, § 2;

Pasch. Annot. Const. p. 194. The only defense that can be raised in the State courts is, whether *any* discharge has been regularly granted to the party relying upon the plea of bankruptcy. And the certificate is made the exclusive evidence in favor of the bankprupt of the fact of the discharge, and the regularity of the discharge. The State court can not, then, go behind this, unless it appears that the discharge has been set aside and annulled by a proper proceeding in the federal court. It seems to me that the language and the purpose of the statute above quoted can have no other rational interpretation. This gives uniformity and certainty to the system, and to the laws which govern it. And this is one of the purposes of the act. It is not likely, in the event that a State court should adjudicate the question of the validity of a bankrupt's discharge, that any attention to such an adjudication would be given in the federal courts upon a recurrence of the same question there. The federal courts being clothed with the power to make the adjudication, would make it in their own way, without regard to any action of the State courts. The one might settle the same question in one way, and the other might settle it in a different way. This would be such a collision of jurisdiction as would destroy the uniformity and harmony of the law. This would be in direct contradiction to the object of the statute. I therefore think that the act of congress vests in the federal courts the sole and exclusive power to contest the validity of the discharge for fraud, or for any other reason, and this necessarily excludes the jurisdiction of the courts of the States. The general government had the power to do this, and the language of the act shows that it has been done, and was, properly, intended to be done.—*Corey v. Ripley*, 57 Me. 69.

The judgment of the court below is therefore affirmed.