## P. ALSTON v. D. W. ROBINETT.

1. A bankrupt's discharge cannot be impeached in a State court for any of the causes which would have prevented the United States District Court from granting the discharge.
2. To a suit on a debt provable in bankruptcy the defendant pleaded his discharge in bankruptcy, obtained by him in the United States District Court on his petition filed therein subsequent to the institution of this suit. The plaintiff replied that the discharge was fraudulently obtained by the defendant, because the defendant, previous to and in contemplation of his bankruptcy, and in fraud of his creditors and of his assignee, transferred to his children and concealed certain property which he should have scheduled and surrendered to his assignee, etc. *Held*, that exceptions were correctly sustained to this replication of the plaintiff. The matters alleged by him to invalidate the discharge were cognizable exclusively in the United States court which had granted the discharge.

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

The facts are sufficiently stated in the opinion and the headnotes. There was no allegation in the replication that the plaintiff had not been duly notified of the proceedings in bankruptcy.

*Abercrombie & Banton*, for the appellant.

*Randolph & McKinney*, for the appellee.

WALKER, J.   The question which this case presents for our decision is one of importance.   We are for the first time called upon to decide whether a bankrupt's discharge can be impeached in a State court for any of the reasons which would prevent the District Court from granting it.

Section 29 of the General Bankrupt Act of March 2d, 1867, enumerates the objections which would be valid against a discharge in bankruptcy.   Section 34 of the same act provides, that a discharge may be contested at any time within two years from its date.

In Corey *et al. v.* Ripley, 4 Bankrupt Register, 163, it was held that a discharge duly granted under the U. S. Bankrupt Act of 1867, when pleaded in bar to the further maintenance of an action for prior indebtedness, cannot be impeached in a State court for any of the causes enumerated in Section 29.   It was also held in this case that the authority to set aside and annul an act in bankruptcy, conferred upon the federal courts by the 31st Section of the bankrupt law, is incompatible with the exercise of the same power by a State court, and that the former is paramount.

This question has also been ably decided in the State of Maine, in the case of Stetson *v.* the City of Bangor, 56 Maine, 286.   Corey *v.* Ripley is a decision by the same court, reported in 57 Maine, 69.

Under the bankrupt laws of 1800 and 1841, the contrary doctrine was settled ; but we think that under the law of 1867, the rule must be different, as laid down by Messrs. Avery and Hobbs in their work on Bankruptcy.   (See Note *b.*, on pages 245 and 246.)

The judgment discharging a bankrupt cannot be appealed from ; but should a creditor desire, within two years, to contest the validity of a discharge, the place and mode of doing the same are pointed out, and the maxim " *expressio unius est ex-* " *clusio alterius,*" or the otherwise expressed expression, " *fa-* " *cit cessare tacitum,*" should be applied in this case.

We are aware that respectable authority may be found to the

contrary. The Superior Court of Cincinnati, following, as we think, the decisions under the act of 1841, held a contrary doctrine. (See A. L. Times, July, 1870, Perkins *v.* Gray; and Berdsley *v.* Hall, 36 Conn., 270.)

But the act of 1841 did not confer upon any particular court the power to impeach a discharge in bankruptcy, whilst the act of 1867 does in terms confer the power on the federal court; and we think there is a manifest necessity, or at least an urgent propriety, in resting the power with the federal courts.

The federal Constitution confers upon Congress the power to enact a law providing a uniform system of bankruptcy; the jurisdiction under such law is properly conferred upon the federal courts. Were the State courts permitted to review the action of the federal court, there is much reason to believe the law would soon be divested of the attribute of uniformity; confusion would make its way into the system, and a discharge good in one State would not be so held in another.

It is suggested in the able brief of appellee's counsel, that Congress, admonished by the conflicting decisions of the State courts under former bankrupt laws, intended by the act of 1867 to leave no ground for conflict of decision. It is further suggested that the tendency of the American mind had been, for years previous to the passage of the act, directed ambitiously towards the development on the part of the general government of all its legitimate powers. Whether this be true or not, we find no ground of complaint in this law, and do not for one moment believe that Congress has encroached upon the legitimate powers of the State courts. Every creditor of the bankrupt may prove his claim and have his "day in court;" he may defeat the discharge of a fraudulent bankrupt; the law even gives him two years within which to attack the discharge after it has been granted. These provisions are ample to meet the ends of justice; the question should sometime be definitely settled, whether the discharge should be treated as valid or not. And in our view of the law it is well that the

question is not to be kept alive and mooted in the State courts indefinitely.

The judgment of the District Court is affirmed.

Affirmed.