Gilmore, J.
1. The first question presented in this case is : Was the discharge in bankruptcy, as pleaded, a bar to the first three causes of action, and so much of the fourth cause of action as accrued prior to September 19, 1868 ?
At the time the judgment was rendered in the court of common pleas and affirmed in the district court, this question had not been authoritatively decided in this state under the bankrupt act of 1867.
Since that time the following cases involving the question have been decided by the supreme court commission : Smith v. Ramsey, 27 Ohio St. 339; Rayl v. Lapham, 27 Ohio St. 452, and Howland v. Carson, 28 Ohio St. 625. It is held in all these cases, .in effect, that the jurisdiction of the United States court, in which the bankrupt proceedings were had, is exclusive, and that the discharge can not be impeached in a state court.
In Rayl v. Lapham, the plaintiff below was not notified of the proceedings in bankruptcy, and notice to him was *497 prevented from being given by reason of the fraud of the bankrupt, in representing in his schedule of creditors filed in said proceedings, that the plaintiff’s residence was unknown to him, while in fact it was well known. It was held that this did not furnish a ground for collaterally impeaching the discharge in a state court. In the ease before us, the plaintiff below was not notified of the proceedings in bankruptcy, because the bankrupt well knowing .of her claims and the amount of them, purposely omitted her name from the schedules, and purposely omitted giving her notice of the proceedings. The difference in the facts in this respect, will not make the cases distinguishable from each other in principle.
It is contended in argument that the intentional omission of the plaintiff’s name from the schedules was not fraudulent. It is said that the plaintiff was the bankrupt’s mother, and that he purposely omitted her name, because he did not intend that her claims against him should be barred by the proceedings, as he intended, in good faith, to pay her claims'in full from his subsequent earnings. . It is further said that this was no fraud upon the other creditors of the bankrupt, because it lessened the aggregate amount of his indebtedness, and thereby increased the dividends that they would receive. If the question, was one of morals or filial duty, the- argument would be at least plausible; but it is without force in the face of the bankrupt law, the first clause of the twenty-ninth section of which requires the bankrupt to make out and file, under oath, schedules containing a true statement of all his debts, etc. This is required in order that all his creditors'may receive a pro rata share of his estate. The intentional omission of the plaintiff’s name was, therefore, not only a fraud upon her, but was also a fraud upon the law itself.; and would have constituted a goód ground, under the thirty-fourth section of the law, for .setting aside the discharge in the court that- granted it. Rayl v. Lapham is approved and followed.
*498 The discharge as pleaded was, therefore, a bar to all claims of the plaintiff that had accrued prior to September 19,1868.
The cases above cited are fully sustained by the great weight of authority. See Bump’s Law and Practice of Bankruptcy (10th ed.), 286, 287, 751, 778, and the cases there cited. Contra, Batchelder v. Low, 43 Vt. 662; Beardsley v. Hall, 36 Conn. 270.
2. Prom what is said above, it is apparent that the matters set up in the reply were not sufficient in law to avoid the defense well pleaded in the answer. But it is contended by counsel for defendant in error, in effect, that by failing to demur to the reply, and going to trial on the issues made by the pleadings, the defendant below waived his right to object, after verdict, to the sufficiency of the reply. In this'view we do not concur.
Inasmuch as the matters set up in the reply were insufficient in law to avoid the defense set up in the answer which went to the first three, and all the fourth cause of action, except that portion that accrued after September 19, 1868, as to which no defense was made, the defendant was entitled to judgment on the pleadings, as to all the plaintiff’s causes of action, except that portion of the fourth cause which stood admitted; and if the defendant had moved for judgment before the trial, it would have been ■the duty of the court to have rendered judgment as above indicated, leaving the uncertain amount of that portion of the plaintiff’s fourth cause of action that was admitted, alone to be ascertained. Such a judgment was not asked for by the defendant, and the cause was tried, and a general verdict, which was unauthorized by the pleadings, was rendered in favor of the plaintiff for the aggregate amount •of all the causes of action set out in the petition, and in .addition, the jury, by a special verdict, found $200 to be the amount admitted to be due to the plaintiff on her fourth eause of action.
By failing to. demur to the insufficient reply in avoidance *499 of his defense, the defendant did not waive his right to insist upon the proper judgment after the verdict.
The court was bound to give judgment on the whole record, and, therefore, to examine the sufficiency in law of all allegations through the whole series of the pleadings, and then to adjudge either for the plaintiff or defendant, according to the legal right, as it might, on the whole, appear, without regard to the issues that were raised and decided between the parties. Code of Civil Procedure, §§ 89, 370, 382-384.
The pleadings and special verdict in the case entitled the plaintiff to a judgment for $200 and proper interest, and no more.
The judgment renderéd in favor of the plaintiff in the court of common pleas is erroneous, and the error is apparent on the record, without the aid of a bill of exceptions. The judgment of the district court is, therefore, reversed, and this court proceeding to render the judgment the district court ought to have rendered, reverses the judgment of the court of common pleas, and remands the cause to the latter court with instructions to render judgment in favor of the plaintiff below for $200, with proper interest and costs.

Judgment .accordingly.