[Opinion delivered March 3, 1882.]

---

## JAMES D. BROWN v. T. W. CAUSEY.

(Case No. 771.)

1. BANKRUPTCY.— After the public notice required by the statute has been given, creditors of a bankrupt must be treated as having notice of the proceedings.

2. BANKRUPT.— The discharge of a bankrupt operates as a bar to any action against him by a creditor whose debt has not been scheduled, and who had not been served with notice from the bankrupt court.

3. BANKRUPT.— Under the act of 1867, a bankrupt's discharge cannot be impeached in a state court for fraud or any of the causes which would have prevented the United States district court from granting the discharge.

ERROR from Jasper. Tried below before the Hon. Henry C. Pedigo.

This was a suit brought by the plaintiffs in error against the defendant in error for a debt due by note for $1,200. The defense set up was discharge in bankruptcy. The plaintiffs replied to this plea, in substance, that no notice of the proceedings in bankruptcy was personally served on either of them, or of any meeting of creditors of defendant to prove their debts and choose an assignee of his estate, nor notice by such personal service of the proceedings of said meeting through the mail or otherwise. They further alleged in their replication that the defendant, with intent to wrong, cheat and defraud the plaintiffs of their debt, willfully and fraudulently omitted the same from his schedule of debts filed in his proceedings in bankruptcy and with the said intent fraudulently deprive them of the notice of the proceedings in bankruptcy to which they were entitled by law, by willfully and fraudulently omitting the said debt from his schedule, and fraudulently procuring and inducing the marshal of the United States district court, in which said proceedings were had, to omit to make service and mail the notice to them of the said proceedings in bankruptcy, required by law, by means whereof plaintiffs were deprived of the opportunity and right to prove their debt against the estate of the defendant in said bankruptcy proceedings. Said replications averred that the United States district court, in which said proceedings were had, did not acquire jurisdiction over said plaintiffs in said proceedings, and that the discharge granted the defendant is null and void as to them.

To the plaintiffs' replication the defendant excepted, and his exceptions were sustained by the court. There was a verdict and judgment for the defendant.

The plaintiffs prosecute this writ of error, and assign

as grounds for reversing the judgment the ruling of the court sustaining the defendant's demurrer.

*Lipscomb Norvell*, for plaintiff in error.

*D. W. Doom*, for defendant in error.

WALKER, P. J. COM. APP.— Proceedings in bankruptcy, under the bankrupt law lately in force, for the sake of uniformity were exclusively within the jurisdiction of the United States district court; and the act of congress regulating the same was enforceable alone under federal judicial jurisdiction, and subject exclusively to the interpretation of those courts having cognizance of the subject matter. The discharge from debts which is contemplated by the bankrupt law is of conclusive force and effect until the same shall be impeached and set aside in the mode, and subject to the provisions, contemplated by and provided for by the bankrupt law itself. That law contemplates that for such causes as it deems adequate for the purpose, and within the time which that law prescribes, all persons who may be entitled to attack or impeach the integrity or validity of the proceedings in bankruptcy, and the discharge under them, may do so in the forum where said proceedings have been had. Failing to do so, however, within the time prescribed, the remedy thus saved to those that may have been injuriously affected fraudulently or otherwise, or by irregularities in the proceedings in bankruptcy, will have been lost to such parties, and the discharge granted to the bankrupt cannot be collaterally impeached in the state courts; the discharge will be a conclusive defense against debts which are embraced within the scope of the bankrupt proceedings. See Bump on Bankruptcy, 9th ed., 285, 286.

" The necessity of meeting and contesting them (facts

which warrant a discharge) in every court in which the
discharge may be pleaded is a hardship that congress never
intended to impose upon the bankrupt, and is, more-
over, so flagrantly unjust and contrary to all the ordinary
principles of jurisprudence, that nothing but the plainest
and most imperative terms of the statute could justify or
warrant such a construction." Bump on Bankruptcy,
9th ed., p. 286; citing Corey v. Ripley, 4 Bank. Reg.,
p. 502; S. C., 57 Me., 69; Oates v. Parish, 47 Ala., 157;
Bachelder v. Low, 8 Bank. Reg., 571; S. C., 43 Vt., 662;
Ocean Nat'l Bank v. Olcott, 46 N. Y., 12; Parker v. At-
wood, 51 N. H., 181; Way v. Howe, 4 Bank. Reg., 677;
S. C., 108 Mass., 502; Alston v. Robinett, 9 Bank. Reg.,
74; S. C., 37 Tex., 56; Hudson v. Bingham, 8 Bank.
Reg., 494; S. C., 6 L. T. B., 326; Dusenbury v. Hoyt, 10
Bank. Reg., 313; S. C., 14 Abb. Prac. (N. S.), 132; S. C.,
53 N. Y., 521; S. C., 36 N. Y. Sup. Ct., 94; Reed v. Bul-
lington, 11 Bank. Reg., 408; S. C., 49 Miss., 223; Stephens
v. Brown, 11 Bank. Reg., 568; S. C., 49 Miss., 597; con-
tra, Perkins v. Gay, 3 Bank. Reg., 772; S. C., 1 L. T. B.,
221; Beardsley v. Hall, 36 Conn., 270.

Whilst the bankrupt law contained specific directions
requiring all debts to be scheduled, and notice by mail to
be given to the supposed creditors, it does not follow
therefore that the actual service of such notices or the
actual scheduling of a debt constituted jurisdictional ele-
ments upon which depended the power of the court to
proceed, and by its action bind and conclude all creditors,
notwithstanding the irregularities which may have ex-
isted as to scheduling all the debts, or giving personal
notice to all the creditors.

The bankrupt act contemplated other notices of the
bankrupt proceedings than the mere speculative chances,
as it often would in fact be, of reaching all creditors, by
transmitting to them by mail the notice above alluded to,
depending as it often would upon dubious information as

to where such persons might be found, if their places of residence could indeed be ascertained at all.

The law contemplated (see sec. 11) " that on the filing of the petition for bankruptcy, the judge or register should issue a warrant authorizing the marshal to publish notices in newspapers, according to the form contemplated by the act of congress, giving full notice to all creditors and others interested in the proceedings had and to be had relating to said proceedings in bankruptcy." (See form No. 6, which is made a part of the bankrupt law by the act itself.)

Section 11 provided not only for this newspaper publication, but authorized the judge or register to direct written or printed notices to be sent by mail, or personally served on all creditors upon the schedule filed with the debtor's petition.

Other public notices, under varying necessities for the proper administration of the bankrupt's estate, are provided for by the bankrupt act, down to the final act of settlement of the estate and the discharge of the bankrupt from his debts. The proceedings are *in rem*,— operating upon all of the estate of the bankrupt under a general law, and in a court of general and exclusive jurisdiction. Of the beginning, progress and final end of proceedings of this character — similar to those of probate jurisdiction,— it has been held that jurisdiction over the subject matter so fully attaches after publication and advertisement of notice of the pendency of such proceedings in bankruptcy, that the world must take notice at its peril of that which is adjudicated by the court.

"The proceedings in bankruptcy are in no just sense *ex parte* in their character for notices required to be given to the creditors, either personally or by publication." Lathrop *v.* Stewart, 5 McLean, 167.

"After the public notice required by the statute has been given, creditors must be treated as having notice of

the proceedings." Smith v. Brinkerhoff, 6 N. Y., 305; S. C., 8 Barb., 519.

It was held in Shawhan v. Wherritt, 7 How. (U. S.), 643, under the bankrupt act of 1841, "that the public notice required by the act having been given, the creditors must be treated as having notice of the proceedings, and an opportunity to make their objections to them, and having neglected or refused so to do, they ought not to be allowed to impeach them collaterally, as they are in the nature of a proceeding *in rem*, before a court of record having jurisdiction."

It was decided in Blum v. Ricks, 39 Tex., 112, that a bankrupt can plead his discharge in bankruptcy in bar of an action against him by a creditor whose debt had not been scheduled, and who had not been served with notice from the bankrupt court, which case is of course decisive of the question presented by this appeal, if it might be looked to as an authoritative precedent. The brief of counsel for defendant in error refers us to the case of Black v. Blago, 117 Mass., 17, as deciding the same point as it was held in Blum v. Ricks, *supra*. The volume referred to is inaccessible to us at present.

These views and authorities it is believed are sufficient to rest an affirmance of the judgment of the court below; nevertheless a brief and cursory reference may be made to that portion of the plaintiffs' replication which charges a willful and fraudulent concealment of material matters, specified in said pleas, with intent to defraud the plaintiffs. This charge does not vary, we conceive, the result as to this plea. The bankrupt law of 1841, as was correctly remarked in Alston v. Robinett, 37 Tex., 58, did not confer upon any particular court the power to impeach a discharge in bankruptcy; but the act of 1867, under which the proceedings in this case were had, does in terms confer the power on the federal court.

The opinion in Alston v. Robinett, *supra*, points to a line

of decisions indicating the construction given to the act of 1841 to be, that because there was no reservation in the act conferring upon the federal court a power to set aside, impeach or withhold a decree of discharge on account of fraud, that therefore such power was possessed and might be exercised in a state court. But the opinion decides upon the authority of other cases which are cited, that under the act of 1867, which, as has been seen, in terms confers the power on the United States district court to withhold a discharge for fraud, or if granted to invalidate the same for fraud, that a bankrupt's discharge cannot be impeached in a state court for any of the causes which would have prevented the United States district court from granting the discharge.

The ground of fraud complained of by the plaintiffs is, we think, fully embraced in section 29 of the act of 1867, giving to the federal court jurisdiction to set aside a discharge obtained under circumstances of fraud such as are imputed to the defendant in plaintiffs' replication; — for example, among other things it is provided in said section as follows, to wit: "No discharge shall be granted, or if granted be valid, if the bankrupt has willfully sworn falsely in his affidavit annexed to his petition, schedule or inventory, or upon any examination in the course of the proceedings in bankruptcy, in relation to any material fact concerning his estate or his debts, or to any other material fact; . . . or if he has given any fraudulent preference contrary to the provisions of this act."

We are of opinion, therefore, that the court did not err in holding that the defendant's discharge could not be impeached in this suit on account of the alleged fraud set up by the plaintiffs.

Upon the whole case we conclude that the judgment ought to be in all things affirmed.

Affirmed.