## LOWELL *vs.* LANE.

On the *eigtheenth* of October the plaintiff purchased of S. a note made by the
defendant, which was overdue. The defendant at that time held a note
made by S. which was also overdue, upon which, on the *twentieth* of Octo-
ber, he brought an action against S. and on the *twenty-ninth* of that month
recovered a judgment. In an action by the plaintiff, upon the note made
by the defendant; *Held,*

1. That the defendant could not use the *note* made by S. as a set-off, counter-
   claim or defense, because it was merged in the judgment, and was not a
   subsisting demand at the time this action was commenced.
2. That he could not use his *judgment* recovered against S., inasmuch as it
   was not rendered until after the plaintiff purchased the note in suit, and
   was not a demand against S. at that time.
3. That the fact of the defendant having no notice of the transfer of the note
   in suit by S., before he recovered his judgment against S., did not change
   the rule.

THIS action was brought in a justice's court. It was
founded upon a promissory note, signed by the defend-
ant, which the plaintiff purchased of Abram Smith, jun.
after it became due, on the 18th day of October, 1858. The
defendant was *then* the owner and holder of a note against
said Smith that was past due, upon which he sued Smith
before a justice of the peace, on the 20th day of October
aforesaid, and recovered a judgment thereon, in that suit,
against Smith, on the 29th of said month. This was before
the defendant had notice that the plaintiff had purchased
his note of Smith. The defendant sought to use his note or
judgment against Smith, as a set-off, defense or counter-
claim in this action; but neither the note nor the judgment
was allowed to affect the plaintiff's right of action; and the
plaintiff recovered a judgment against the defendant, for the
full amount due upon his note, viz. $65.77. The Otsego
county court affirmed the judgment, and the defendant ap-
pealed to this court.

*L. E. Bowe,* for the appellant. I. The demand upon
which this action was brought was for the payment of money
only, and was upon a written instrument. The demand

sought to be set off was due to the appellant in his own right, and was so due and owned and held by the appellant at the time Smith owned and transferred the note in suit, which was then also overdue. Therefore the demand sought to be set off is a proper subject of set-off. (1 *R. S. p.* 234, § 50.)

II. The right of set-off has not been restricted by the code. (*See Code*, § 112; *Beckwith* v. *Union Bank*, 4 *Sandf.* 610.)

III. The respondent stands in the same relation to the appellant as Smith would have stood had he brought an action on the note in suit before he transferred it, so far as the right of set-off is concerned. (*See Code*, § 112, *above cited.*) So that the judgment owned by the appellant against Smith would have been a proper set-off against Smith, if he had brought this action upon the note, against the appellant. (*Wells* v. *Henshaw*, 3 *Bosworth*, 625.)

IV. The demand for which the note held by the appellant was given, and which was subsequently put in judgment by him against Smith, was only liquidated thereby, and the judgment became higher security for the original demand, but it did not extinguish the debt. (2 *Kent's Com.* 388.) The late chancellor, in quoting Lord Ellenborough, says: "A judgment recovered in any form of action was still but a security for the original cause of action, until it was made productive in satisfaction to the party; and until then it would not operate to change any collateral or concurrent remedy which the party might have." (*See Johnson* v. *Fitzhugh*, 3 *Barb. Ch. R.* 373.) The chancellor says: "In ordinary cases a judgment technically changes the nature of the debt; it is the same debt which was due at the commencement of the suit." "It is no answer to the set-off that the defendant has sued or obtained a judgment for the amount of the debt. Where judgment has been obtained the set-off should be thereon." (*Chit. on Cont.* 846, *and cases there cited.*) Thus the old and well established authorities show that the original debt is not extinguished by a judgment

being rendered thereon. If this demand could not be set off in this action because it had been put in judgment, the argument would be—a demand while open and unliquidated, subject to be defeated by a defense, is a proper set-off. But when the amount, and the rights of the parties, become liquidated, fixed and established by judgment, then it is no longer a set-off.

V. The appellant had no notice from the respondent, or from any person previously holding the note in suit, that the same had been transferred, until this action was commenced, which was about a year and a half after the appellant procured the judgment against Smith. So that the appellant became the owner and holder of the judgment before notice of the assignment of the note, and therefore could not be prejudiced in his right of set-off by said assignment. (*See Code*, § 112; *Solomon* v. *Holt*, 3 *E. D. Smith*, 139.)

VI. If the defendant cannot set off the judgment in this action, he loses the demand, because Smith is utterly insolvent; and the demand having been passed upon by a jury, their finding has the same effect as to his right to collect, whether they allow or reject the set-off. The appellant would be a trespasser if he should take out an execution thereon. (*McGuinty* v. *Harris.* 5 *Wend.* 244.)

*Countryman & Moak,* for the plaintiff. I. The possession of the note by the plaintiff on the trial was evidence that he was the owner of it for good consideration, although it was not transferred until after due, (*James* v. *Chalmers,* 2 *Seld.* 209,) and the jury having found for the plaintiff, this court will infer that they found every fact necessary to sustain the action, in his favor. (*Rogers* v. *Ackerman,* 22 *Barb.* 134. *Biglow* v. *Saunders, Id.* 147. *Smith* v. *Hill, Id.* 656.)

II. The note in suit was sold by Smith to Murphy, on the 18th of October, and, conceding for the present that Lane then owned the one against Smith, by commencing an action upon it against Smith *two days after,* and prosecuting that

action to judgment on the 29th, he lost the right to use it as a set-off. Lane bought the note of Myers, and consequently never owned the *original indebtedness for which the note was given.* The *only demand* he held against Smith *arose upon the note itself,* and by prosecuting that to judgment, he merged it in the judgment, and it was thereby extinguished. (*Ives* v. *Goddard,* 1 *Hilton's Rep.* 434. *Harris* v. *Hammond,* 18 *Howard's Pr. Rep.* 123–5. *Goodrich* v. *Dunbar,* 17 *Barb.* 644. *Craft* v. *Merrill,* 4 *Kern.* 456. *Witherhead* v. *Allen,* 28 *Barb.* 662. *McButt* v. *Hirsch,* 4 *Abb.* 441. *Post* v. *Coleman,* 9 *How. Pr. Rep.* 64. *Benson* v. *Paine,* 9 *Abb.* 28; 17 *How.* 407. *Coleman* v. *Wade,* 2 *Seld.* 44. *Peters* v. *Sandford,* 1 *Den.* 224. *Butler* v. *Miller,* *Id.* 407. *Frisbie* v. *Larned,* 21 *Wend.* 450. *Tom* v. *Goodrich,* 2 *John. Rep.* 213. *Price* v. *Moulton,* 2 *Eng. L. & Eq. Rep.* 303. *McMaster* v. *Vernon,* 3 *Duer,* 249. *Moran* v. *Vredenburgh, Lalor's Sup. to Hill & Den.* 392. *Tice* v. *Annin,* 2 *John. Ch.* 125. *Nicholl* v. *Mason,* 21 *Wend.* 339. *Besley* v. *Palmer,* 1 *Hill,* 482. *Brazill* v. *Isham,* 2 *Kern.* 9.) The rule is the same *in equity.* (*Penny* v. *Martin,* 4 *John. Ch. Rep.* 566. *Roosevelt* v. *Mark,* 6 *id.* 266. *People* v. *Beebe,* 1 *Barb.* 379.) Where a debt owing by a partnership is merged in a judgment recovered against one of the partners, a *vacatur* of the judgment saving the rights of the partner not sued, will not revive the cause of action as against him. (*Olmstead* v. *Webster,* 4 *Seld.* 413.) A judgment is in *no sense* a contract. (*Wyman* v. *Mitchell,* 1 *Cow.* 316.) The recovery of a judgment is held to be a bar to any further right or remedy upon the original indebtedness, upon the ground that by the recovery of the judgment, the promise, or cause of action, has been merged and extinguished in the judgment by operation of law, *at the instance and by the act of the creditor.* (*Suydam* v. *Barber,* 18 *N. Y. R.* 470.) The *note* having been merged in the judgment, could no more be set up *than if it had been fully paid.* (*James* v. *Morey,* 2 *Cow.* 286.) Where a judgment has been rendered

on a note, *it* cannot be pleaded in set-off. (*Campbell* v. *Mayhugh,* 15 *B. Monr. Ky. R.* 142, *cited* 16 *U. S. Dig.* 407, § 179.) By the express provision of the statute, (2 *R. S.* 234, § 50, *sub.* 9, 1*st ed.; 3 R. S.* 435, § 48, *sub.* 9, 5*th ed.,*) a claim presented as a set-off, in a case like the present, must be "a demand *existing against any person or persons,* who shall have assigned such bill. or note after it became due, if the demand be such as might have been set off against the assignor while the bill or note belonged to him." The design of the statute was to prevent the sale of a note, *per se,* from *destroying* any existing right to set off against it; not to *create* a right to set off against the assignee, in any different manner or *under any different circumstances* than the maker could do against the assignor, had there been no sale; and, hence, *when his demand is presented as a set-off against the note,* it must be one "*existing against an assignor*"—one having *an actual existence as a demand against him,* not extinguished by payment, judgment or otherwise—and it must, *in addition,* be one which might have been set off against the assignor *while the note belonged to him.* When this case was tried, Lane's *note* against Smith was not a demand *existing against him.* (*Ives* v. *Goddard,* 1 *Hilton's Rep.* 434. *Harris* v. *Hammond,* 18 *How. Pr.* 123–5.) A debt offered in set-off must have been due when the suit was instituted, and *remained in the same form* until pleaded in set-off. But if, after the commencement of the action to which it is pleaded in set-off, judgment is recovered on it, *it is merged in the judgment and cannot be set off.* (*Mizzell* v. *Moore,* 7 *Ired.* 255, *cited U. S. Dig.* 1847, *p.* 440, § 26. *Harris* v. *Hammond,* 18 *How. Pr.* 123–5.) Can it make any difference in the legal rights of the parties, whether the action on the note in suit was *commenced* before, or after Lane recovered his judgment? The reason of this statutory provision, and the doctrine of the last case, is apparent. The right Lane had before judgment, to use the note he held against Smith as a set-off, was merely "a priv-

Lowell *v.* Lane.

ilege or right attaching to the *remedy* only," *which grew out of, and was incident to, that indebtedness.* (*Barbour's Law of Set-off,* 192. *Green* v. *Darling,* 5 *Mason,* 202. *Wolcott* v. *Sullivan,* 1 *Edw. Ch.* 403. 1 *Hilliard on Torts,* 183.) The distinction between a *legal right* arising out of the contract, and a *mere remedy, dependent upon its existence,* is clear and well settled. (*Conkey* v. *Hart,* 14 *N. Y. R.* 23. *Donnelly* v. *Corbett,* 3 *Seld.* 503.) It being merely a *remedy, dependent upon the existence of that indebtedness,* when the *principal* was extinguished the *incident* fell with it. (*Craft* v. *Merrill,* 4 *Kern.* 456. *Bank of Whitehall* v. *Weed,* 8 *How.* 104. *Blodgett* v. *Wadhams, Lalor's Sup.* 65.) Lane was not *obliged* to use his note against Smith as a set-off or defense. (*Willard's Eq. Jur.* 355. 1 *Duer,* 667. *Van Santvoord's Pl.* 576. 2 *Pars. on Cont.* 1st ed. 247. 13 *Wend.* 277. *Bellinger* v. *Craigue,* 31 *Barb.* 539.) A party *electing* to bring a cross action instead of claiming as a set-off is bound thereby, until he dismisses his suit. (*Rankin* v. *Harper,* 4 *Ind.* 585, cited 18 *U. S. Dig.* 658, § 13. *Harris* v. *Hammond,* 18 *How. Pr.* 123–5.) He had his election of two remedies : 1. To keep *his note or the indebtedness, alive*— valid of itself—and, as an *incident to its existence,* to use it as a set-off against the one he gave Smith, whoever might sue it ; or, 2. To look to the personal responsibility of Smith. Having voluntarily made his election, it is too late for him to change his position. Where a party has an election of two *remedies,* and pursues one, he cannot afterwards resort to the other. (*Rawson* v. *Turner,* 4 *John.* 471, 473. *Campbell* v. *Phelps,* 1 *Pick.* 62. *McElroy* v. *Mancius,* 13 *John.* 121. *Goodrich* v. *Dunbar,* 17 *Barb.* 644. *McButt* v. *Hirsch,* 4 *Abb.* 441. *Besley* v. *Palmer,* 1 *Hill,* 482. *Stevens* v. *Miller,* 13 *Gray's Mass. Rep.* 284. *Bank of Beloit* v. *Beale,* 11 *Abb. Pr.* 375. 1 *Hilliard on Torts,* 183. *Cow. & Hill's Notes,* 1st ed. 823. 2 id. 4th ed. 53. *Colburn* v. *Woodworth,* 31 *Barb.* 381. *Morris* v. *Rexford,* 18 *N. Y. R.* 552.) An election once made is conclusive and irrevocable. (*Lawrence* v. *Ocean*

*Ins. Co.* 11 *John.* 253, *per Van Ness, J.*) "Having once *made his election,* and obtained a joint judgment,. his bond is merged in the judgment, *quia transit in rem judicatam. It is essential to the idea of election that a party cannot have both.* One judgment against all or each of the obligors is a satisfaction and extinguishment of the bond. It no longer exists as a security, *being superseded, merged, and extinguished in the judgment,* which is a security of a higher nature. The *creditor* has no longer a *remedy,* either at law or in equity, *on his bond,* but *only* on his judgment." (*Per Grier, J., U. S.* v. *Price,* 9 *How. U. S. Rep.*. 83, *cited in note to* § 164. 1 *Story's Eq. Jur.* 7*th ed. pp.* 167, 168. 1 *Hilliard on Torts,* 183. *Rawson* v. *Turner,* 4 *John.* 471, 473.) Smith sold the note in suit before Lane sued him, and could not use it as a set-off, because it did not "*belong to him* at the time of the commencement of the suit." (2 *R. S.* 234, § 50, *subd.* 4, 1*st ed.;* 3 *R. S.* 434, § 48, *subd.* 4, 5*th ed.*) and as § 57, (3 *R. S.* 436, § 55, 5*th ed.*) only bars claims, "which according to the *preceding provisions might* have been *allowed to him on the trial of the cause,*" it was not affected by that section. Smith could not compel the holder of this note to use it as a set-off; neither could he and Lane contest the matter, in any manner, so as to bind the holder who was not a party and had no opportunity to be heard, or day in court; while if Lane had kept *his note* valid as *the indebtedness,* when the holder of the note in suit brought an action upon it, he (Lane) could have interposed his note against Smith as a set-off, and the holder could then have contested the *fact* and the *amount* of Smith's liability on it. *Both* have now been determined by the judgment. A set-off is in legal effect a cross action, *and cannot be allowed except in a case where a suit might have been maintained by the defendant upon the same demand.* (*Kingston Bank* v. *Gay,* 19 *Barb.* 461. *Barbour's Law of Set-off,* 25. 2 *Pars. on Contr.* 1*st* ed. 248. *Davidson* v. *Remington,* 12 *How. Pr.* 311. *Jackson* v. *Colver,* 1 *Wend.* 488. *Gleason* v. *Moen,*

Lowell *v.* Lane.

2 *Duer*, 639, 642, 643. *Bevins* v. *Reed*, 2 *Sandf. S. C. R.* 436.) A tavern bill for over ten shillings cannot be set off, because the statute (1 *R. L.* 180, § 13) prohibits an action from being maintained for over that sum in such case. (3 *Caines' Rep.* 187. 7 *Wend.* 326, 329.) So of a debt barred by the statute of limitations. It cannot be set off, for the reason that an action cannot be maintained upon it. (*Barb. Law of Set-off*, 99, 100. *Crist* v. *Garm*, 2 *Pen. Rep.* 25, cited 3 *U. S. Dig.* 417, § 24. *Gilchrist* v. *Williams*, 3 *A. K. Marsh.* 235. *Jones* v. *Jones*, 1 *Foster N. H. R.* 219, cited 13 *U. S. Dig.* 582, § 16. The statute of limitations takes away the *remedy, but does not discharge the debt.* (*Swift* v. *Drake, MS. opinion, Gray, J. Sixth Dist. Humphrey* v. *Persons*, 23 *Barb.* 314. *Brickett* v. *Davis*, 21 *Pick.* 404, 410. *Higgins* v. *Scott*, 2 *Barn. & Adolph.* 413. *Walter-mire* v. *Westover*, 14 *N. Y. R.* 20.) Suppose Smith had never sold the note in suit, and after Lane had recovered judgment upon his, had sued Lane upon this, could Lane have interposed his *note* as a set off? Would he not have been compelled to fall back upon his *judgment?* There is no case where a party, *after voluntarily merging his claim in a judgment,* has been allowed, even in *equity,* to go back of it and insist that the *remedies* arising out of the *original indebtedness* thus merged, were not extinguished by the judgment. (1 *Story's Eq. Jur.* §§ 111, 112.) A right of action or a remedy once suspended *by the voluntary act of the party* is gone forever. (*Thomas* v. *Thompson*, 2 *John. Rep.* 471. *Ransom* v. *Keyes*, 9 *Cowen*, 128. *Yates* v. *Van Rensselaer*, 5 *John.* 364.) In some cases a *court of equity* has allowed *the party against whom the judgment was recovered—as to whom the proceedings were adversary*—to go back of it for certain purposes, but they do not affect the present case.

None of these cases apply to the present, and if they did, they were all cases *in a court of equity,* and a justice's court being a court of law without equity jurisdiction, could not

apply them. Even where a bond has been canceled by mistake, it cannot be set off *at law. The remedy is in equity.* (*Williams* v. *Crary,* 5 *Cowen,* 370.)

The language of Lord Ellenborough, used by Chancellor Kent in his Commentaries, (2 *Kent,* 388, *marg. p.*) applies only to cases where there are other "collateral, concurrent remedies" upon different instruments. In *Campbell* v. *Phelps,* (1 *Pick.* 65-6,) Chief Justice Parker says it should be restricted to cases "of *several securities* for the same demand or contract, and his general expression must be considered as limited to cases of the nature of that which was before him." Chancellor Kent, there, only applies it to cases in which the action is founded *upon a tort,* where there never was an indebtedness, and the courts have held that the recovery of a judgment against one of several wrongdoers does not, without satisfaction, transfer the *title to the property,* and that as the right of action in *torts* is joint and several, and the *title* remains in the owner, he may, after judgment against *one of the wrongdoers,* pursue the others. Here it will readily be seen that the remedy is *incident to the title,* which has never been transferred. The doctrine does not apply to cases on contract, but is founded on the principle that the wrongdoer shall not profit by his own, or the wrong of others. If Lane could use his judgment here as a set-off, he extinguishes the note, in suit, against himself, and still holds his judgment against Smith in full force. It would be no defense to that judgment for Smith to prove it had been satisfied out of the property of, or by a third person. (*Muller* v. *Eno,* 14 *N. Y. Rep.* 605. *Belknap* v. *McIntyre,* 2 *Abb.* 366.)

III. It was claimed in the courts below, that inasmuch as there was no direct proof that Lane knew, when he perfected judgment against Smith, that Smith had sold the note in suit, section 112 of the code would protect him from the legal operation of the judgment. To this there are several answers. (1.) Lane was trying *to establish* a set-off, and was himself bound to show *affirmatively, every fact necessary to make*

*out his defense.* (2.) Lane was called as a witness, in his own behalf, in this cause, and did not deny that he had notice of the facts. The jury had a right to presume from this that he did have such notice. Omitting to produce evidence in elucidation, which is in the power of the party, shall turn every doubt against him. (1 *Stark. Ev.* 34. 1 *Cow. & Hill's Notes,* 293. *Id.* 310. 3 *Stark. Ev.* 487. 4 *Barb.* 438. *Adams* v. *Davidson,* 6 *Seld.* 312. *People* v. *Dyle,* 21 *N. Y. R.* 578.) (3.) The fact that Smith did not interpose the note in suit as a set-off, was sufficient to put Lane on inquiry. (*Brown* v. *Blydenburgh,* 3 *Seld.* 141. *Braman* v. *Wilkinson,* 3 *Barb.* 151. *Safford* v. *Wyckoff,* 4 *id.* 442. *Wilkins* v. *Batterman,* 4 *Barb.* 47, 8.) (4.) The rule established by that section does not apply to a case like the present. Conceding Lane had no notice of the transfer, he lost nothing in consequence of the want of it. He paid no money, nor did he advance anything, but simply, of his own volition, pursued one of the ordinary legal remedies upon a claim which he held against Smith. He was bound to know that the legal effect of perfecting a judgment upon his note would be to extinguish it, and even equity would not relieve him. (*Storrs* v. *Barker,* 6 *John. Ch.* 171, 2. 1 *Story's Eq. Jur.* §§ 111, 112. *Broom's Leg. Max.* 197, *marg. p.*)

IV. The general principle that a judgment is proper matter of set-off is not denied. Lane could not however set off *his judgment* against the note in suit, because it was not recovered until the 29th of October, (eleven days after the sale,) *and was not due to him at any time while Smith owned the note in suit.* "Where a suit is brought upon an account by the assignees thereof, in the name of the assignor, a promissory note of the assignor, *held by the defendant at the time of the assignment* of the account, but *not then due,* cannot be set off against such account." (*Wells* v. *Stewart,* 3 *Barb.* 40.) The rule is the same since section 112 of the code. That has not changed the rule, that a demand held by the party at the time of the assignment cannot be used as a set-

off, *if it was not then due*. (*Beckwith* v. *Union Bank*, 4 *Sandf. S. C. R.* 604 ; *affirmed*, 5 *Seld.* 211, 212. *Martine* v. *Willis*, 2 *E. D. Smith's Com. Pl. Rep.* 624. *Kingston Bank* v. *Gay*, 19 *Barb.* 459.

*By the Court*, BALCOM, J.   The judgment the defendant recovered against Smith was not a set-off, counter-claim or defense to this action, for it was not rendered until eleven days after the plaintiff purchased the note of Smith upon which this action was brought.   The note the defendant held against Smith when the plaintiff purchased the one upon which this action was brought could not be used as a set-off, counter-claim or defense to this action, because it did not exist, or was not a subsisting demand, at the time the action was commenced.   It was merged in the judgment which the defendant obtained against Smith on the 29th day of October, 1858; and the right to use it in this action for any purpose was gone.   (*See Ives* v. *Goddard*, 1 *Hilton*, 434; *Mizzell* v. *Moore*, 7 *Iredell's Law Rep.* 255.)

The defendant's counsel has made the point that the evidence does not show the defendant had notice of the transfer of his note, by Smith to the plaintiff, before he recovered his judgment against Smith; and that the defendant could set off his judgment against Smith in this action; for the reason that he recovered it before he had any notice that the plaintiff had purchased his note of Smith; and because his note was purchased by the plaintiff after it became due.   It is claimed that this position is sustained by section 112 of the code, which reads as follows: " In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time of, or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith, and upon good consideration, before due."   It cannot be denied but that the letter of this section would sustain the

point made by the defendant's counsel; but its spirit and meaning do not, according to the construction put upon it by the court of appeals, in *Beckwith* v. *The Union Bank,* (5 *Seld.* 211.) According to that construction it was not necessary for the plaintiff to prove the defendant had notice of the transfer of his note by Smith to the plaintiff before the defendant recovered his judgment against Smith, to prevent such judgment being used as a set-off, counter-claim or defense in this action.

It follows that the county court properly affirmed the judgment of the justice, and that this court should affirm the judgment of the county court, with costs.

Decision accordingly.

[BROOME GENERAL TERM, January 22, 1861. *Balcom, Campbell* and *Parker,* Justices.]