# New York Supplement

## VOLUME 58,

### AND

## New York State Reporter,

## VOLUME 92.

---

SECOR v. KREUDER.

(Supreme Court, Appellate Division, First Department. May 12, 1899.)

MONEY HAD AND RECEIVED—FRAUD—EVIDENCE—PLEADING.

A witness testified that he was sent by defendant, a hotel keeper, to ask deceased, a guest, if he was willing to draw a check for $500, as he had promised, to build a barn for defendant; that, after some hesitation, the guest nodded assent. He was in bed, helpless, unable to speak, but could nod "Yes" and "No." Witness helped him draw the check. Deceased did not owe defendant. *Held,* in an action by deceased's administratrix for money obtained by fraud, it was error to grant a nonsuit, since, though the evidence did not prove fraud, it was sufficient to go to the jury on the theory of money had and received, the complaint being broad enough to cover such issue.

Appeal from trial term, New York county.

Action by Adelle Secor, as administratrix of the estate of Francis M. Secor, deceased, against William Kreuder. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

James Stikeman, for appellant.
John F. McFarlane, for respondent.

O'BRIEN, J. The action was brought to recover $500 given the defendant by the plaintiff's intestate, and the complaint, although originally drawn upon the theory that the money was obtained by fraud, is sufficiently broad to justify a recovery upon the theory of money had and received. It appeared upon the trial that the deceased,

58 N.Y.S.—1

Francis M. Secor, was a guest in a hotel kept by the defendant at Naumet, Rockland county, and, after an illness of some weeks, died at the hotel, February 24, 1898. The $500 in question was obtained from him by the defendant on the 19th day of February, 1898, by means of a check which the deceased drew to the defendant's order, and upon which the money was received. It was insisted that the check was obtained at a time when Secor was so physically and mentally weak that he did not know what he was doing, and that, by the advantage thus taken of his weakened condition, the defendant succeeded by fraud in obtaining the check, and, subsequently, the money thereon. The testimony which most directly bears upon the circumstances under which the check was obtained was given by a man named Degraw, who was a general workman in the hotel. He testified that on February 19, 1898, he was sent by the defendant to go upstairs, and ask Secor if he was willing to draw a check for $500, as he had promised, to build a barn for Mr. Kreuder; that, after some hesitation, Mr. Secor nodded assent; that "he was then lying in bed, helpless, unable to speak, but he could nod 'Yes' and 'No'; that Mr. Kreuder got the check book from a closet which was pointed out to him by the deceased; that he [witness] supported Secor by raising him up in his arms; that 'by resting his hand on mine he made his signature'; that Secor was able to write; that he held the pen himself, but that 'I steadied his hand; I did not guide his arm.'" It appeared that Secor was not indebted to the defendant, except for a small sum for board while sick, his habit being to pay his way every week. The further testimony to sustain the theory of fraud was in the direction of showing that the date of the check was changed, but, as this testimony, in our view, is not very material, it need not be dwelt upon. This evidence is scarcely sufficient to support the theory of fraud, for, although it appeared that Secor was "helpless and powerless," the inference is justified that the check was given pursuant to a promise made to aid the defendant to the extent of $500 in building a barn, and that at the time he drew the check Secor knew what he was doing. So much attention was given by counsel to the charge of fraud that it was excusable in the court to have overlooked the other theory which the evidence tended to support,—that the defendant had received from Secor, without consideration, the sum of $500; and, as the proof stood when the complaint was dismissed, it would justify the inference that the money was given as a loan, the evidence not showing that Secor was indebted to the defendant in any such sum, and the suggestion of a gift not being conclusively established. Although the answer set up various defenses, the defendant was not called upon to introduce his evidence, the complaint being dismissed at the close of the plaintiff's case, and therefore all we are concerned with is the question whether the ruling made upon the record as it stood was right. We think the complaint was sufficiently broad to permit a recovery upon the theory of money had and received by the defendant. And upon the evidence as it stood at the close of the plaintiff's testimony, had the defendant then rested, we think the learned trial judge would have been justified in directing a verdict for the plaintiff. At all events, there was enough evidence

to require the submission of that question to the jury, and it was error to dismiss the complaint.

The judgment, accordingly, must be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur; PATTERSON, J., in result.