(89 App. Div. 363.)

SILVER v. KRELLMAN.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. ASSUMPSIT—WAIVER OF TORT—MONEY HAD AND RECEIVED.
   An action for money had and received may be maintained to recover the amount of a check deposited by a prospective lessee to secure payment of rent on refusal of the lessor to execute the lease, and it is not necessary, though it is permissible, to resort to trover for conversion of the check.

2. ASSIGNMENTS—RIGHTS OF ASSIGNEE—LIABILITY TO SET-OFF—JUDGMENT.
   A judgment recovered by defendant against plaintiff's assignor after the assignment cannot be set off in an action by plaintiff on the claim assigned.

Appeal from Municipal Court of New York.

Action by Sam Silver against Sarah Krellman. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Max D. Steuer, for appellant.
Louis B. Boudin, for respondent.

HIRSCHBERG, J. The pleadings in this case were oral, the plaintiff suing to recover for money had and received, and the defendant setting up a counterclaim in addition to a general denial. The de-

¶ 2. See Judgment, vol. 30, Cent. Dig. § 1686.
    85 N.Y.S.—60

cision is in favor of the plaintiff for the full amount claimed, and dismisses the counterclaim.

On or about July 28, 1902, the plaintiff's assignor, Samuel Epstein, and the defendant agreed orally to meet in a few days and execute a lease by which she would rent to him for three years certain real estate on Grand street, in the borough of Manhattan, at a gross rent of $6,000 per annum, less the sum of $1,150; making the net rent to be paid $4,850. It was agreed that some security was to be deposited with the defendant in form to secure the last two months' rent under the lease, but the parties differ as to the amount. The defendant claims that it was to be $1,000, the amount of two months' rental at the gross rate; while the plaintiff claims that it was to be $808.33, the amount of two months' rental at the net rate. The difference is immaterial on this appeal, as the court has found on sufficient evidence in favor of the plaintiff upon that point, and has also found that the defendant refused to execute the lease in accordance with the oral understanding. It is conceded, however, that Epstein, on July 28, 1902, did deposit with the defendant his check for the sum of $300 on account of the required security, and that on the breaking of the agreement by the defendant he demanded the return of the check, and was refused. It is further conceded that the defendant had transferred the check to the firm of Feder & Lazarus, and had received from that firm the sum of $300 for it. The action for money had and received is maintainable. Roberts v. Ely, 113 N. Y. 128, 131, 20 N. E. 606; Weston v. Brown, 158 N. Y. 360, 53 N. E. 36; Secor, Admx., v. Kreuder, 40 App. Div. 623, 58 N. Y. Supp. 1. The defendant might, indeed, be sued for the conversion of the check, but the law permits the injured party to waive the tort and to sue upon contract upon the theory that the money received by the wrongdoer has been in fact received for the injured party's use, in the sense that it would be unconscionable to withhold it from him. The main contention on this appeal arises from the dismissal of the counterclaim. The cause of action was assigned by Epstein to the plaintiff on May 18, 1903. Epstein had meanwhile stopped payment on the check, and Feder & Lazarus had brought suit against him in the Municipal Court to recover upon it. On May 8, 1903, the firm assigned to the defendant the claim in that action, and also the judgment to be recovered therein. Judgment was recovered against Epstein on June 10, 1903. Nothing has been collected thereon, and that judgment and the claim on which it is founded constitute the defendant's counterclaim.

The circumstances attending the cashing of the check and the subsequent transfer to the defendant of the judgment thereon in advance of its recovery need not be recited in detail. Whatever else may be said of them, they certainly do not abound in convincing manifestations of candor and good faith. But, aside from that consideration, the counterclaim could not be made available in any event in this action. Even assuming that the defendant could assert against the plaintiff or his assignor any claim upon the check which she had converted, that check was merged in the judgment recovered upon it, while the judgment as such could not be offset against the plaintiff, inasmuch as it had no existence at the time he purchased the claim

in this action from his assignor, Epstein. Lowell v. Lane, 33 Barb. 292; Lucas v. The East Stroudsburg Glass Co., 38 Hun, 581, and cases cited.

The plaintiff did not appear upon the trial. The defendant asked Epstein on cross-examination several questions about him, which were excluded by the court. I think those questions should have been allowed, but that their exclusion does not require a reversal of the judgment. There is nothing in the case tending to indicate that the defendant has been prejudiced in any way, or that any possible answers to the questions could have affected the result. The cases cited on behalf of the appellant on this point have no application. The assignment of the claim is in writing, and was attested upon the trial by the oath of the assignor. The plaintiff was represented by an attorney and counselor of the Supreme Court, and the judgment appealed from constitutes a bar against further liability so far as appears from anything which either was or apparently could have been developed upon the trial.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.