### KNIGHT v. ROTHSCHILD.

(Supreme Court, Appellate Division, First Department. May 14, 1909.)

1. INSOLVENCY (§ 92*)—ACTION BY ASSIGNEE—DEFENSES—COUNTERCLAIM.
Under Code Civ. Proc. § 502, providing that in an action upon an assigned contract a demand existing against a party thereto or an assignee thereof when it was assigned, and belonging to defendant in good faith before notice of the assignment, must be allowed as a counterclaim, defendant could not set off a judgment against an insolvent assigned to him in an action by the assignee in insolvency, where he knew of the assignee's appointment before the assignment of the judgment to him.

[Ed. Note.—For other cases, see Insolvency, Dec. Dig. § 92.*]

2. INSOLVENCY (§ 92*)—ACTION BY ASSIGNEE—COUNTERCLAIM.
Where a judgment creditor of an insolvent presented his judgment for payment and accepted dividends thereon, it could not thereafter set off the unpaid part of its judgment to defeat an action against it by the assignee in insolvency in another jurisdiction for the benefit of all the creditors;

---

the presentation of the claim being, in effect, a consent that all creditors should be treated alike, except as they had legal preference.

[Ed. Note.—For other cases, see Insolvency, Dec. Dig. § 92.*]

3. JUDGMENT (§ 910*)—ACTION ON JUDGMENT—MONEY JUDGMENT.

Under the direct provision of Code Civ. Proc. § 1913, a judgment creditor could bring an action without leave of court on a judgment for money recovered more than 10 years before the action thereon was commenced.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 910.*]

4. SET-OFF AND COUNTERCLAIM (§ 31*)—SUBJECT-MATTER—CONTRACT ACTIONS—"ACTION ON CONTRACT."

An action on a judgment is an action on a contract, so that a counterclaim may be interposed thereto, under Code Civ. Proc. § 501, subd. 2, permitting any cause of action on a contract existing at the commencement of the action to be interposed by way of counterclaim in a contract action.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 31.*]

5. INSOLVENCY (§ 92*)—ACTION BY ASSIGNEE—COUNTERCLAIM.

Under Code Civ. Proc. § 502, subd. 1, providing that a demand existing against a party to the contract or an assignee thereof at the time of the assignment shall be allowed as a counterclaim in an action on an assigned contract, and subdivision 3 provided that, if plaintiff in a contract action is trustee for another, a demand against the one whom he represents shall be allowed as a counterclaim, in an action by an assignee in insolvency on a judgment against defendant for the value of goods assigned to it by the insolvent in fraud of creditors, a judgment against the insolvent before his insolvency cannot be set off as a counterclaim; the assignee being neither an assignee or representative of the insolvent as to the judgment sued on, which was on a cause of action which the insolvent never owned and could not have enforced.

[Ed. Note.—For other cases, see Insolvency, Dec. Dig. § 92.*]

6. JUDGMENT (§ 622*)—RES JUDICATA—DEFENSES CONCLUDED—SET-OFF.

Even if a judgment against an insolvent could be set off by way of counterclaim against his assignee in insolvency in an action against defendant to recover for goods assigned to it in fraud of the insolvent's creditors, if it was not set off in that action, defendant cannot set it off in an action by the assignee on the judgment rendered in that action.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 622.*]

7. JUDGMENT (§ 582*)—MERGER OF CAUSE OF ACTION.

A cause of action is merged in a judgment obtained thereon.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1079; Dec. Dig. § 582.*]

Appeal from Trial Term, New York County.

Action by Robert A. Knight, as assignee in insolvency of James McKeon, against Simon Rothschild as surviving partner. From a judgment for plaintiff for insufficient relief, both parties appeal. Reversed on plaintiff's appeal and new trial ordered, and affirmed on defendant's appeal.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and CLARKE, JJ.

Omri F. Hibbard, for plaintiff.

B. F. Einstein, for defendant.

McLAUGHLIN, J. This action was brought to recover the unpaid balance of a judgment recovered in the superior court of Massachu-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

setts by the plaintiff as assignee in insolvency of one James McKeon against the firm of S. Rothschild & Bro., of which the defendant is the surviving member. On the 7th of January, 1896, McKeon was a resident of Massachusetts, and on that day insolvency proceedings were commenced against him which resulted in the appointment of the plaintiff as assignee in insolvency and McKeon's estate vested in him under the Statutes of Massachusetts as of that date. On the 23d of December preceding the firm of S. Rothschild & Bro., and also the firm of S. F. & A. Rothschild, commenced separate actions against McKeon in the Supreme Court of the state of New York for goods sold and delivered, and on the 16th of January, 1896, each recovered a judgment. Shortly before McKeon was declared an insolvent, he consigned to the firm of S. Rothschild & Bro. in the city of New York a quantity of goods which were levied upon and sold under execution issued upon its judgment. The amount realized upon the sale was about $2,800; the judgment being for about $4,000. On the 17th of April, 1896, this plaintiff brought an action in the courts of Massachusetts to recover from S. Rothschild & Bro. the value of the goods consigned to it, upon the ground that such consignment was void as in fraud of the rights of creditors under the statutes of that state. The firm appeared and defended the action, but in March, 1899, judgment was recovered against it for something over $7,000. This judgment was affirmed by the highest court of Massachusetts, and thereafter by the Supreme Court of the United States. The present action is brought upon that judgment, which remains unpaid except to the extent of about $4,500 which has been paid to apply thereon.

The defendant set up as a counterclaim the judgment which his firm had obtained against McKeon, as well as the one which the firm of S. F. & A. Rothschild recovered against him, less 15 per cent. thereof, which had been paid by way of dividend in insolvency proceedings in Massachusetts. As already stated, the judgment recovered by S. Rothschild & Bro. had been satisfied to the extent of some $2,800, leaving a balance unpaid of some $1,200. The defendant, however, claimed that he was entitled to counterclaim the whole amount of this judgment, irrespective of the amount actually due thereon, at least to the extent of defeating plaintiff's claim, since what was paid was from the sale of the same goods for which this plaintiff had obtained his judgment. The trial court held that the plaintiff was entitled to recover $935.80, which was the full amount claimed by him less defendant's counterclaim, which was allowed to the extent of the amount actually due upon both judgments. From the judgment which was entered upon a decision to this effect both parties appeal; the plaintiff upon the ground that the court erred in allowing either judgment as a counterclaim, and the defendant because the full amount of the S. Rothschild & Bro. judgment was not allowed.

First. As to the S. F. & A. Rothschild judgment, it was not a proper offset and could not be used in defeating the plaintiff's claim. It was not assigned to the defendant until some time in April, 1901. A long time prior to the assignment the defendant had knowledge of the insolvency proceedings in Massachusetts, and that the plain-

tiff was the assignee of the insolvent's estate. A claim against an insolvent acquired after notice of the appointment of his assignee cannot be used by a debtor of the insolvent for the purpose of defeating the assignee's claim. Code Civ. Proc. § 502. If it could, it would be not only an easy way of destroying the bankruptcy act, but also of permitting the person acquiring it to obtain an unlawful preference over other creditors. Smith v. Brinkerhoff, 6 N. Y. 305; Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456; Frank v. Mercantile Nat. Bank, 182 N. Y. 264, 74 N. E. 841, 108 Am. St. Rep. 805. Not only this, but when S. F. & A. Rothschild subjected itself to the jurisdiction of the Massachusetts courts by there presenting its judgment for payment and accepting the dividend directed to be paid thereon, it could not thereafter in any other jurisdiction use what remained unpaid for the purpose of defeating a claim made by the assignee for the benefit of all the creditors. By presenting its claim, it, in effect, agreed that all creditors should be treated alike, except in so far as they might have a legal preference under the law of Massachusetts.

Second. As to the S. Rothschild & Bro. judgment, a somewhat different question is presented. It was recovered more than 10 years prior to the commencement of this action, and the defendant could have maintained a separate action upon it against McKeon without leave of the court. Code Civ. Proc. § 1913. A judgment is a contract, and an action upon a judgment is an action upon contract against which a counterclaim may be interposed. Code Civ. Proc. § 501, subdiv. 2; Taylor v. Root, *43 N. Y. 335; Gutta Percha & Rubber Mfg. Co. v. Mayor, etc., 108 N. Y. 276, 15 N. E. 402, 2 Am. St. Rep. 412; Cottle v. N. Y., W. S. & B. R. R. Co., 27 App. Div. 604, 50 N. Y. Supp. 1008. The judgment against McKeon cannot be used as a counterclaim against this plaintiff, unless he brings this action as the assignee or representative of McKeon. Code Civ. Proc. § 502, subds. 1, 3. He is neither. His action is predicated upon a judgment, but one which never belonged to McKeon or in which he had any interest. The cause of action which resulted in the judgment was one in which McKeon never had an interest, and which he could not have enforced. While it is true the amount of the recovery by the assignee in the Massachusetts action was measured by the value of the goods consigned by McKeon to S. Rothschild & Bro., the right to recover at all was based not on such value, but on the illegal consignment, and it cannot therefore be defeated by a claim against McKeon existing at the time the plaintiff was appointed assignee. If it could, then the defendant should have asked to have such claim allowed as an offset or counterclaim in the Massachusetts action, and by not so doing he deprived himself of so using it in another action brought between the same parties to enforce the judgment there recovered. And, even though it be assumed that the cause of action which resulted in the plaintiff's judgment in the Massachusetts court originally belonged to McKeon and passed to the assignee when he was appointed, January 7, 1896, it does not aid the defendant because his judgment did not exist at the time the plaintiff was appointed assignee. Smith v. Brink-

erhoff, supra; Myers v. Davis, 22 N. Y. 489. The defendant then had simply a claim against McKeon for goods sold and delivered. This claim was merged in the judgment recovered in the action against McKeon. That judgment was not recovered until some time subsequent to the plaintiff's appointment, and it is not a proper offset against the claim made by the plaintiff. Lowell v. Lane, 33 Barb. 292; Lucas v. East Stroudsburg Glass Co., 38 Hun, 581; Silver v. Krellman, 89 App. Div. 363, 85 N. Y. Supp. 945; Perry v. Chester, 53 N. Y. 240; Swift v. Prouty, 64 N. Y. 545.

It follows that the judgment appealed from by the defendant is, affirmed, with costs, and the judgment appealed from by the plaintiff is reversed, and a new trial ordered, with costs to plaintiff to abide event. All concur.