(94 Misc. Rep. 296)

### WIELAR v. WATZKY.

(Supreme Court, Appellate Term, First Department. March 30, 1916.)

COURTS ☞188(14)—MUNICIPAL COURTS—JURISDICTION.

Under Municipal Court Code (Laws 1915, c. 279) § 6, subd. 1, providing that the Municipal Court shall have jurisdiction where the amount claimed in the summons does not exceed $1,000, exclusive of interest and costs, of an action on a contract, express or implied, other than a contract to marry, the Municipal Court has jurisdiction of an action on a Supreme Court judgment within the jurisdictional amount, notwithstanding a provision of the Code giving the Municipal Court jurisdiction of actions of which the Municipal Court had jurisdiction on August 31, 1915, at which time the court had no jurisdiction of actions on judgments of courts of record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ☞188(14).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Abraham Wielar, as administrator of Jacob Wielar, deceased, against Moses Watzky, also known as Moses Watsky. From a judgment for plaintiff, entered upon a decision of the court rendered after a trial without a jury, defendant appeals. Affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

William W. Penfield, of New York City, for appellant.

Lyman E. Warren, of New York City (Abraham Wielar, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has recovered a judgment in the Municipal Court in an action brought upon a judgment rendered in the Supreme Court in Kings county. The appellant now contends that the Municipal Court is without jurisdiction in an action brought upon a judgment rendered in a court of record. In my opinion this contention is without any basis. Municipal Court Code, § 6, provides that the Municipal Court shall have jurisdiction:

"1. Of the following actions when the amount claimed in the summons does not exceed one thousand dollars, exclusive of interest and costs: an action upon a contract, express or implied, other than a contract to marry."

It is to be noted that by the statute there is absolutely no limitation upon the jurisdiction of the court in these actions other than the limitation in regard to the amount claimed in the summons. So far as the Legislature had the power to confer jurisdiction in actions upon

contract on the Municipal Court, it has done so with this single limitation. In the case of Gutta Percha & Rubber Manfg. Co. v. Mayor, etc., 108 N. Y. 276, 15 N. E. 402, 2 Am. St. Rep. 412, the court said:

"There are authorities which hold that judgments, for some purposes, are not contracts; but there is no authority that they are never to be treated as contracts, and all of them recognize the implied obligation of every judgment debtor to pay the judgment, and that for the purpose of actions and remedies upon them they are to be treated as contracts."

See, also, Knight v. Rothchild, 132 App. Div. 274, at page 277, 117 N. Y. Supp. 26.

Unless, therefore, the Municipal Court Code contains some provision showing that the Legislature did not intend to include actions upon judgments in the expression "actions upon a contract," it follows that the Legislature has conferred upon the Municipal Court jurisdiction in actions upon judgments, and has not limited this jurisdiction, except in regard to the amount demanded. Under the old Municipal Court Act (Laws 1902, c. 580) the Municipal Court was given, by subdivision 1 of section 1, jurisdiction in "an action to recover damages upon or for breach of contract express or implied," etc., and by subdivision 6 of the same section was given jurisdiction in "an action upon a judgment rendered in any court not being a court of record." According to the accepted canons of statutory construction it was evident, under the old act, that the Legislature, in making a specific subdivision in regard to actions upon judgments, did not intend to include such actions in the provision for actions to recover damages upon or for breach of contract.

In the present Code, however, the Legislature has made no specific provision for actions upon judgment; but it is quite clear that the general rule that an action upon a judgment is an action upon a contract was intended to apply. The mere fact that the Legislature has, in the present Code (section 6, subd. 5), also provided a provision that the Municipal Court has jurisdiction of "actions and proceedings of which the Municipal Court of the City of New York had jurisdiction on the thirty-first day of August, 1915," is immaterial. This clause is evidently intended to cover only such cases, if any, which the Legislature has failed to include in the previous clauses. The Legislature has, by the Municipal Court Code, made the Municipal Court a court of record, and has evidently intended also to wipe out the limitation of its jurisdiction over actions upon a judgment to judgments of courts not of record.

Judgment should be affirmed, with $25 costs. All concur.